# Supreme Court of Florida

_____

No. SC18-792
_____

**BYRON MCGRAW,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

November 27, 2019
**<u>CORRECTED OPINION</u>**

LAWSON, J.

This case is before the Court for review of the decision of the Fourth District

Court of Appeal in *McGraw v. State*, 245 So. 3d 760 (Fla. 4th DCA 2018). In its

decision the district court ruled upon the following question, which the court

certified to be of great public importance:

> Under the Fourth Amendment, may a warrantless blood draw of an
> unconscious person, incapable of giving actual consent, be pursuant to
> section 316.1932(1)(c), Florida Statutes (2016) ("Any person who is
> incapable of refusal by reason of unconsciousness or other mental or
> physical condition is deemed not to have withdrawn his or her consent
> to [a blood draw and testing]."), so that an unconscious defendant can
> be said to have "consented" to the blood draw?

*Id.* at 777-78.  We have jurisdiction.  *See* art. V, § 3(b)(4), Fla. Const.  During the pendency of this appeal the United States Supreme Court considered a materially indistinguishable issue relating to a similar Wisconsin statute and vacated the Wisconsin Supreme Court's decision, which had analyzed the Fourth Amendment issue using the "consent" framework of the statute.  *Mitchell v. Wisconsin*, 139 S. Ct. 2525, 2531-32, 2539 (2019).  Instead, a plurality of the United States Supreme Court held that when law enforcement has a reasonable basis to believe that an unconscious driver was intoxicated while driving, the exigent circumstances created by the natural metabolization of alcohol in the blood stream combined with the driver's unconsciousness "almost always" permits law enforcement to secure a blood sample for blood alcohol testing without a warrant.  *Id.* at 2531, 2539.  For this reason, we decline to address the certified question as framed, apply *Mitchell*, vacate the Fourth District's decision, and remand for further proceedings.

## BACKGROUND

### I. *McGraw*

Byron McGraw, a licensed Florida driver, was injured and rendered unconscious in a single-car rollover accident.  *McGraw*, 245 So. 3d at 762.  A police officer with the Riviera Beach Police Department investigated the crash, where he smelled alcohol on McGraw's skin, clothing, and car.  *Id.*  McGraw was transported to a hospital, and the officer followed.  *Id.*  Once the medical

- 2 -

professionals completed their initial treatment of McGraw, the officer requested a blood sample because he was investigating a possible DUI case and McGraw remained unconscious. *Id.* The officer did not seek to obtain a search warrant for the blood draw, nor did he contact any fellow officers about acquiring a search warrant. A hospital nurse then drew McGraw's blood. The blood draw kit was later tested, showing a blood alcohol content (BAC) significantly above the legal limit.

The State subsequently arrested and charged McGraw with two counts of driving under the influence causing or contributing to injury to person or property. McGraw filed a motion to suppress the results of the blood test, arguing that the warrantless blood draw violated the Fourth Amendment because he had not consented to the search. At the evidentiary hearing, the State argued that the search was justified under Florida's implied consent law, section 316.1932(1)(c), Florida Statutes (2016), which provides that unconscious drivers are deemed not to have withdrawn implied consent to the draw. The trial court denied the motion, holding that although a Fourth Amendment violation occurred, the officer's reliance on the statute to draw McGraw's blood was reasonable under the good-faith exception to the exclusionary rule. The trial court concluded that the relevant provision of the implied consent law was unconstitutional because it did not provide the type of actual consent necessary under the Fourth Amendment. The

trial court also concluded that the exigent circumstances exception to the warrant requirement did not apply.

On appeal, the Fourth District held that section 316.1932(1)(c) was valid and that the blood draw was constitutional. The district court reasoned that the United States Supreme Court's precedent in *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), specifically approved of the constitutionality of implied consent statutes imposing civil and evidentiary penalties for refusing a chemical test, and that section 316.1932(1)(c) was valid under the Fourth Amendment because it imposed those penalties. The district court therefore affirmed the trial court's denial of McGraw's motion to suppress, finding the blood draw constitutional based upon McGraw's implied consent, and certified the question of great public importance to this Court.

## II. United States Supreme Court Precedent

As explained above, this Fourth Amendment issue was addressed by the United States Supreme Court in *Mitchell*. As in our case, *Mitchell* involved a warrantless blood draw from an unconscious DUI suspect. *State v. Mitchell*, 914 N.W.2d 151, 154 (Wis. 2018). The Wisconsin Supreme Court upheld the blood draw, concluding that it was reasonable because both Wisconsin's implied consent statute and the driver's choice to drive on state highways rendered his implied consent to search constitutionally sufficient. *Id.* at 162. This is similar to the

- 4 -

rationale that the Fourth District employed below. *McGraw*, 245 So. 3d at 766-67, 769-70. The United States Supreme Court granted certiorari to decide "[w]hether a statute authorizing a blood draw from an unconscious motorist provides an exception to the Fourth Amendment warrant requirement." *Mitchell*, 139 S. Ct. at 2532.

The United States Supreme Court vacated the decision of the Wisconsin Supreme Court and held that a DUI suspect's unconsciousness, combined with the necessity for a blood draw when an "evidentiary breath test" cannot be administered, creates a sufficient urgency to justify a warrantless blood draw under the exigent circumstances exception to the warrant requirement. *Id.* at 2536-39. The plurality opinion explained:

> [E]xigency exists when (1) BAC evidence is dissipating and (2) some other factor creates pressing health, safety, or law enforcement needs that would take priority over a warrant application. Both conditions are met when a drunk-driving suspect is unconscious . . . [such that] a warrantless blood draw is lawful.

*Id.* at 2537.

The plurality opinion also made clear that the Supreme Court was "adopt[ing] a rule for an entire category of cases—those in which a motorist believed to have driven under the influence of alcohol is unconscious and thus cannot be given a breath test." *Id.* at 2534 n.2; *see also id.* ("This rule is not based on what happened in petitioner's particular case but on the circumstances generally

- 5 -

present in cases that fall within the scope of the rule."). Despite its express adoption of a rule "almost always" authorizing warrantless blood draws on unconscious DUI suspects under the exigent circumstances exception to the warrant requirement, *id.* at 2531, 2539, the Supreme Court did "not rule out the possibility that in an unusual case a defendant would be able to show that his blood would not have been drawn if police had not been seeking BAC information, and that police could not have reasonably judged that a warrant application would interfere with other pressing needs or duties," *id.* at 2539. "Because Mitchell did not have a chance to attempt to make that showing," the Supreme Court determined that "a remand for that purpose [was] necessary." *Id.*

## ANALYSIS

The Fourth Amendment to the United States Constitution protects the rights of people to be free of unreasonable searches and seizures, U.S. Const. amend. IV, and a blood alcohol test is a "search," *Birchfield*, 136 S. Ct. at 2173. We are bound to follow United States Supreme Court precedent construing the Fourth Amendment. U.S. Const., art. VI, cl. 2. Additionally, under the applicable conformity clause in the Florida Constitution, we must interpret the comparable provision in Florida's constitution in conformity with the Supreme Court's Fourth Amendment jurisprudence. *See* art. I, § 12, Fla. Const.; *see also State v. Butler*,

655 So. 2d 1123, 1125 (Fla. 1995) ("This Court is bound, on search and seizure issues, to follow the opinions of the United States Supreme Court . . . .").

Because this case falls squarely within the rule announced in *Mitchell*, the warrantless blood draw in this case appears to be legal. Consistent with *Mitchell*, however, we also vacate the decision of the Fourth District below and remand with directions that the case be remanded to the County Court of Palm Beach County so that McGraw can be given an opportunity to demonstrate that his blood would not have been drawn if police had not been seeking BAC information, and that police could not have reasonably judged that a warrant application would interfere with other pressing needs or duties.

It is so ordered.

CANADY, C.J., and POLSTON, LAGOA, and MUÑIZ, JJ., concur.
LABARGA, J. concurs with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., concurring.

As stated in the majority opinion, this Court has a constitutional obligation to decide Fourth Amendment search and seizure issues in a manner consistent with the decisions of the United States Supreme Court. Consequently, in light of the Supreme Court's decision in *Mitchell v. Wisconsin*, 139 S. Ct. 2525 (2019), I concur with the majority.

Application for Review of the Decision of the District Court of Appeal – Discretionary Jurisdiction/Certified Great Public Importance

      Fourth District - Case No. 4D17-232

      (Palm Beach County)

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, Florida,

      for Petitioner

Ashley Moody, Attorney General, Tallahassee, Florida, and Celia A. Terenzio, Bureau Chief, and Richard Valuntas, Assistant Attorney General, West Palm Beach, Florida,

      for Respondent

Flem K. Whited, III of Whited Law Firm, Daytona Beach, Florida,

      for Amicus Curiae National College for DUI Defense